OPINION OF THE COURT
Per Curiam.
In February 1986, Tompkins County, through respondent Board of Representatives, began the process of searching for a new landfill site to replace the Landstrom Landfill ordered closed by the Department of Environmental Conservation. Under Phase I of this project, the County’s engineering consultants identified 23 potential sites, and ranked them for *333 suitability based on various environmental, social and economic factors. After Phase I was completed, the County decided to withhold its eminent domain power and to test those sites for which the property owner’s permission could be obtained. In Phase II, the County inspected nine of the top 16 sites, including two of the three ranked highest on the list, and subsequently recommended three of those sites. Two were later eliminated from consideration due to wetland and access problems, and the remaining site, known as DR-7 (ranked sixteenth of the 23 potential sites) was ultimately selected as the preferred site.
Phase III, undertaken in December 1988, involved extensive hydrogeologic investigation of DR-7. After these tests were performed, draft and final environmental impact statements for development of the site were completed. Respondent thereafter filed an application to construct and operate a sanitary landfill at DR-7.
On this appeal, petitioners argue that the County violated SEQRA by failing to use its eminent domain power to gain access to and test all 23 potential sites, or at least those ranked above the sixteenth. On these facts, we conclude that the County acted reasonably in testing nine of the top 16 sites, and therefore did not violate the statute as claimed.*
In undertaking an assessment of a project’s environmental impact, an agency must take a hard look at areas of environmental concern and make a reasoned elaboration of the bases for its determination (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). This determination will be set aside by the courts only if it " 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion’ ” (Akpan v Koch, 75 NY2d 561, 570).
SEQRA requires that an Environmental Impact Statement include alternatives to the proposed action (see, ECL 8-0109 [2] [d]; see also, 6 NYCRR 617.14 [f] [5]; Weinberg, Practice Commentary, McKinney’s Cons Laws of NY, Book 17½, ECL C8-0109:5, at 78). Agencies are required to "choose alternatives which, consistent with social, economic and other essential considerations, to the maximum extent practicable, minimize or avoid adverse environmental effects” (ECL 8-0109 [1]).
To be meaningful, any choice among alternatives must be *334 based on an awareness of all reasonable options, but the degree of detail required in assessing those alternatives will vary with the circumstances and nature of each proposal (see, Webster Assocs. v Town of Webster, 59 NY2d 220, 228). A rule of reason applies: the agency must consider a reasonable range of alternatives to the specific project (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d, at 422, supra). Where it appears, as here, that there has been such a reasonable consideration of alternatives, the judicial inquiry is at an end (Matter of Jackson, supra).
Petitioner urges, however, that a municipality has a greater duty than a private landowner in considering alternatives, citing dicta in Horn v International Business Machs. Corp. (110 AD2d 87, lv denied 67 NY2d 602). While the availability of the eminent domain power may be a factor in determining whether the agency acted reasonably in considering alternatives to the proposed action, this power need not be invoked to investigate all, or any particular number of, alternative sites. We agree with the lower courts that, under the circumstances of this case, the County acted reasonably in testing the nine sites for which owner consent was obtained and in reserving use of its eminent domain power until it determined whether any of the inspected sites were feasible.
Petitioner’s remaining contention is without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur in Per Curiam opinion; Judge Hancock, Jr., taking no part.
Order affirmed, with costs.

 As noted in Supreme Court’s comprehensive writing (144 Misc 2d 873, 881), 6 NYCRR 360-2.12 ("Landfill siting”), promulgated after the County’s siting decision, is not in issue in this case.