[672 NYS2d 956]

In the Matter of CONCERNED CITIZENS FOR THE ENVIRONMENT et al., Respondents, v MICHAEL D. ZAGATA, as Commissioner of Environmental Conservation, et al., Respondents, and AMERICAN REF-FUEL COMPANY OF THE CAPITAL DISTRICT, L.P., Appellant.

Third Department, May 14, 1998

## APPEARANCES OF COUNSEL

*Sive, Paget & Riesel, P. C.,* New York City (*Mark A. Chertok* of counsel), for appellant.

*Gordon, Siegal, Mastro, Mullaney, Gordon & Galvin, P. C.,* Schenectady (*Joan Leary Matthews* of counsel), for Concerned Citizens for the Environment and others, respondents.

## OPINION OF THE COURT

CREW III, J.

In March 1994, respondent American Ref-Fuel Company of the Capital District, L.P. (hereinafter respondent) submitted an application to respondent Department of Environmental Conservation (hereinafter DEC) for a permit to construct and operate an integrated solid waste management facility in the Village of Green Island, Albany County. The proposed facility consisted of an incinerator, a materials recovery facility and a solid waste transfer station. Phase one of the plan called for construction of the materials recovery facility and the transfer station, both of which were to become operational prior to completion of the incinerator. In support of the application, respondent submitted a draft environmental impact statement (hereinafter DEIS). In September 1994, respondent submitted a new application seeking a permit for the construction and operation of only the transfer station. DEC issued a notice of incomplete application, finding that segmentation of review of the transfer station was not consistent with the requirements of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).

In February and March 1995, respondent and its representatives sought a redetermination of DEC's decision not to separately review the application for construction of the transfer station. As a consequence, in May 1995, DEC reversed its earlier determination and granted respondent's request for a segmented review. Respondent then submitted a DEIS for the proposed transfer station and, following its acceptance by DEC, a public hearing was held. In December 1995, respondent's final environmental impact statement for the proposed transfer station was accepted by DEC and, in January 1996, DEC granted a permit for the transfer station.

Petitioners, an environmental citizens group and three residents of the Village, commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging, *inter alia*, that DEC improperly segmented the environmental review of the transfer station from that of the integrated facility. After petitioners filed an amended petition/complaint, DEC and respondent Commissioner of Environmental Conservation submitted objections in points of law and answered. Respondent thereafter moved to dismiss the amended petition/complaint on the ground that, *inter alia*, petitioners lacked standing. Supreme Court denied respondent's motion and granted the petition to annul and vacate the permit on the ground that DEC violated SEQRA by ordering a segmented review of the project. Respondent has appealed.

Assuming, without deciding, that the allegations in the petition/complaint are sufficient to confer standing upon petitioners, we are of the opinion that DEC properly conducted a segmented review of the project here. Accordingly, Supreme Court's judgment is reversed and the petition/complaint is dismissed.

It is clear that segmentation, which is the dividing for environmental review of an action in such a way that the various segments are addressed as though they were independent and unrelated activities, is contrary to the intent of SEQRA and is disfavored (*see*, 6 NYCRR former 617.3 [k] [1]). Nevertheless, segmented review is permissible where the lead agency believes that it is warranted under the circumstances, provided that the agency clearly states its reasons therefor and demonstrates that such review is no less protective of the environment. Additionally, the related actions must be identified and discussed to the fullest extent possible (*see*, *ibid.*).

Insofar as is relevant to this appeal, the reasons for disfavoring segmentation are twofold. First is the danger that in considering related actions separately, a decision involving review of an earlier action may be "practically determinative" of a subsequent action (*Matter of Tri-County Taxpayers Assn. v Town Bd.*, 55 NY2d 41, 46). The second danger occurs when a project that would have a significant effect on the environment is broken up into two or more component parts that, individually, would not have as significant an environmental impact as the entire project or, indeed, where one or more aspects of the project might fall below the threshold requiring any review (*see*, *Matter of Schultz v Jorling*, 164 AD2d 252, 255-256, *lv denied* 77 NY2d 810). Such is not the case here.

With regard to the first concern, the record amply supports DEC's determination that the transfer station is wholly independent of the materials recovery facility and the incinerator and, further, that the former has utility regardless of whether the balance of the project is ever approved and constructed. The second concern also is of no moment, inasmuch as DEC required and respondent has submitted to a full environmental review of the transfer station. Additionally, the related actions, i.e., the incinerator and the materials recovery station, were clearly identified and discussed as a result of the DEIS submitted in regard to those two projects. Further, it is made clear that a segmented review of the transfer station is no less protective of the environment, inasmuch as the remaining portion of the project will be subject to full SEQRA review before any permit may be issued.

Finally, we reject petitioners' contention that the final environmental impact statement for the transfer station was legally insufficient because it did not consider the cumulative impacts of that project vis-à-vis those of the integrated facility. If such were a prerequisite to obtaining a permit for a particular aspect of a project, the lead agency would be required, in every case where segmented review was sought, to conduct a full SEQRA review of the entire project, thus emasculating any concept of segmented review. Petitioners' remaining arguments in support of annulment have been examined and found to be without merit.

CARDONA, P. J., MIKOLL, WHITE and CARPINELLO, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, motion by respondent American Ref-Fuel Company of the Capital District, L.P. to dismiss the petition/complaint granted, and petition/complaint dismissed.