■ In the Matter of TOWN OF BABYLON et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [822 NYS2d 138]—

In a hybrid proceeding pursuant to CPLR article 78, inter

alia, to review determinations of the respondent New York State Department of Transportation (1) dated June 16, 2004, which issued a negative declaration under the State Environmental Quality Review Act regarding the construction and operation of a 30,000-square-foot hangar with an adjoining two-story office building and a 38-car parking lot on a 1.85-acre parcel of land at Republic Airport in Suffolk County, and (2) dated February 21, 2001, which issued a negative declaration under the State Environmental Quality Review Act regarding its acquisition of an air rights easement in the 11.3-acre runway protection zone of runway 19 of the Republic Airport in Suffolk County, and a declaratory judgment action, the petitioners-plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Mullen, J.), dated May 10, 2005, which, inter alia, dismissed the second amended petition-complaint, and dismissed the proceeding/action.

Ordered that the order and judgment is modified, on the law, by adding thereto provisions declaring that the New York State Department of Transportation complied with the State Environmental Quality Review Act in (1) approving a "Hangar Development Operation and Use Agreement" effective January 4, 2004, between the respondents Talon Air Services, LLC, and Talon Air, Inc., and Flightways of Long Island, Inc., doing business as Atlantic Aviation, and (2) executing an "Agreement in Lieu of Condemnation Between the New York State Department of Transportation and The Fairchild Corporation for the Development and Purchase of Real Property in Connection with Republic Airport, Farmingdale Long Island, Suffolk County and Federal Aviation Administration Grant AIP 3-36-0028-22-00, 24-01 and 25-01," dated June 30, 2004; as so modified, the order and judgment is affirmed, without costs or disbursements.

In this hybrid proceeding and action, the petitioners-plaintiffs (hereinafter the petitioners) challenge the determinations of the respondent New York State Department of Transportation (hereinafter the DOT) that (1) the construction and operation of, inter alia, a 30,000-square-foot hangar and an 8,000 square-foot-office facility on a vacant 1.85-acre lot at Republic Airport, and (2) the DOT's acquisition of 11.3 acres of property located in the runway protection zone of runway 19, would have no significant impacts on the environment.

The petitioner-plaintiff Town of Babylon correctly contends that it has standing to challenge the negative declaration issued by the DOT with regard to the hangar construction project. Under the circumstances of this case, the Town has a demonstrated interest in the potential environmental impacts of the

project, and the denial of standing would erect a barrier to legitimate review of the proposed action (*see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 814 [2003], *cert denied* 540 US 1017 [2003]). However, the petitioner-plaintiff Steven Bellone does not have standing to challenge the DOT's actions with regard to the hangar construction project, since he failed to demonstrate any unique environmental injury, nor may such injury to him be presumed under the facts presented (*see generally Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 595 [2005]; *Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown*, 250 AD2d 677, 677-678 [1998]).

Turning to the merits, the record reveals that the DOT "identified the relevant area[s] of environmental concern," took a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397 [1995]), and made a "reasoned elaboration" of the basis for its determinations (*Matter of Merson v McNally*, 90 NY2d 742, 751 [1997]). The determinations of the DOT are supported by the record and should not be disturbed (*see Matter of Merson v McNally, supra; Matter of Harwood v Board of Trustees of Inc. Vil. of Southampton*, 176 AD2d 291 [1991]). Moreover, the petitioners' contention that SEQRA review was improperly segmented is without merit (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 80 NY2d 500, 513 [1992]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 620-621 [2002]).

The remaining contentions of the petitioners-plaintiffs either are without merit or need not be reached in view of the foregoing.

Since this is, in part, a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the respondents (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1963]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.