■ In the Matter of COUNTY OF ORANGE, Respondent, v VILLAGE OF KIRYAS JOEL et al., Appellants. [844 NYS2d 57]—

In a proceeding pursuant to CPLR article 78 to review (a) a determination of the Board of Trustees of the Village of Kiryas Joel dated July 8, 2004, authorizing, inter alia, the construction of a public water supply facility and a pipeline connecting the public water supply facility with the Catskill Aqueduct, (b) a determination of the Board of Trustees of the Village of Kiryas Joel dated July 9, 2004, adopting a findings statement pursuant to the State Environmental Quality Review Act in connection with the project, and (c) a determination of the Board of Trustees of the Village of Kiryas Joel dated October 29, 2004, in effect, declining to conduct any further environmental review in connection with the project, the Village of Kiryas Joel and the Board of Trustees of the Village of Kiryas Joel appeal from (1) a judgment of the Supreme Court, Orange County (Rosenwasser, J.), dated October 20, 2005, which granted the petition, annulled the determinations, and remitted the matter to the Board of Trustees of the Village of Kiryas Joel for the preparation and circulation of a supplemental environmental impact statement addressing certain environmental issues, and (2) so much of an order of the same court dated February 27, 2006, as denied that branch of their motion which was for leave to renew their opposition to the petition.

Ordered that the judgment is modified, on the law, by deleting the provision thereof remitting the matter to the Board of Trustees of the Village of Kiryas Joel for the preparation and circulation of a supplemental environmental impact statement addressing certain environmental issues, and substituting therefor a provision remitting the matter to the Board of Trustees of the Village of Kiryas Joel for the preparation and circulation of an amended final environmental impact statement, in accordance herewith, which analyzes the impact of the project

on wetlands, sewage facilities, and the discharge of wastewater and treated effluent into surface and ground waters, includes a phase 1-B archaeological study and review, analyzes the growth-inducing effects of the project, and analyzes those alternatives to the project which were identified in the final environmental impact statement with respect to these impacts; as so modified, the judgment is affirmed; and it is further,

Ordered that the order dated February 27, 2006, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

After the Board of Trustees of the Village of Kiryas Joel (hereinafter the Board of Trustees) prepared and circulated a draft environmental impact statement (hereinafter the DEIS) and a final environmental impact statement (hereinafter the FEIS) in connection with a proposal to construct water pumping and wastewater treatment facilities within the Village, together with a 13-mile-long water pipeline connecting those facilities to an aqueduct, located in the Town of New Windsor, that is owned and operated by the City of New York (hereinafter the project), the Board of Trustees authorized the issuance of bonds to finance the project and approved a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). In response to a resolution of the County Legislature of the County of Orange requesting further environmental review, the Board of Trustees later resolved, in effect, to refuse to undertake any additional environmental review.

The County, in which the Village is located, commenced the instant CPLR article 78 proceeding challenging the FEIS and the SEQRA findings statement, on the grounds that those documents failed to contain adequate analysis of several areas of environmental concern, and failed to identify and analyze a reasonable number of feasible alternatives to the project. The Supreme Court granted the petition, annulled the Board of Trustees' determinations, and remitted the matter to the Board of Trustees, directing it to prepare a supplemental environmental impact statement that properly analyzed the areas of environmental concern that were in controversy, and addressed certain alternatives to the project proposed by the County. We modify in order to clarify that the environmental document required to be prepared by the Board of Trustees upon remittitur should be characterized as an amended FEIS, but we decline the County's request to compel the Board of Trustees to identify and consider alternatives in addition to those already identified in the DEIS and the FEIS.

Initially, the County has established "a demonstrated interest in the potential environmental impacts of the project" (*Matter of Town of Babylon v New York State Dept. of Transp.*, 33 AD3d 617, 618-619 [2006]), and thus, had standing to prosecute this CPLR article 78 proceeding, predicated upon both its status as an involved agency (*see Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74 [2007]; *Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.*, 289 AD2d 583 [2001]; *see also* 6 NYCRR 617.2 [s]), and as an interested property owner facing injury in fact (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]; *Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74 [2007]; *Town of Riverhead v New York State Dept. of Envtl. Conservation*, 193 AD2d 667, 669 [1993]). Moreover, this proceeding was commenced within the four-month statute of limitations that is applicable (*see* CPLR 217), measured from when the lead agency committed itself to a definite course of future action (*see Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 316 [2006]; *Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency*, 302 AD2d 399, 400 [2003]; *Matter of Mule v Hawthorne Cedar Knolls Union Free School Dist.*, 290 AD2d 698, 699-700 [2002]; *see also* 6 NYCRR 617.2 [b] [2], [3]).

"The law is well settled that judicial review of a SEQRA determination is limited to determining whether the challenged determination was affected by an error of law or was arbitrary and capricious, an abuse of discretion, or was the product of a violation of lawful procedure" (*Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 619 [2002]; *see Akpan v Koch*, 75 NY2d 561 [1990]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416 [1986]; *Matter of City of Rye v Korff*, 249 AD2d 470 [1998]). In reviewing the lead agency's determination, the court must determine whether the lead agency "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 417; *see Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359 [1986]; *Matter of Doremus v Town of Oyster Bay*, 274 AD2d 390 [2000]). In this regard, "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d at 619).

Where, as here, a lead agency determines that a proposed action may have a significant impact upon the environment, and thus requires the preparation of an EIS, that document must set forth "a description of the proposed action," including its environmental impact and any unavoidable adverse environmental effects (ECL 8-0109 [2] [a]-[c]; 6 NYCRR 617.9 [b]); alternatives to the proposed action (ECL 8-0109 [2] [d]); and mitigation measures to minimize the environmental impact (ECL 8-0109 [2] [f]; 6 NYCRR 617.9 [b] [5] [iv]). Where an agency fails or refuses to undertake necessary analyses, improperly defers or delays a full and complete consideration of relevant areas of environmental concern, or does not support its conclusions with rationally-based assumptions and studies, the SEQRA findings statement approving the FEIS must be vacated as arbitrary and irrational (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 32 AD3d 431, 436 [2006], *lv granted* 8 NY3d 808 [2007]; *see generally Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd.*, 253 AD2d 342 [1999]).

Here, the Supreme Court correctly determined that neither the DEIS nor the FEIS fully identified the nature and extent of all of the wetlands that would be disturbed or affected by the construction of the proposed water pipeline, how those wetlands would be disturbed, and how such disturbance, if any, would affect the salutary flood control, pollution absorption, groundwater recharge, and habitat functions of those wetlands. Moreover, neither the DEIS nor the FEIS fully identified the location, nature, or extent of the bodies of surface water into which wastewater from the proposed treatment plant would be discharged, and which State classes and standards of quality and purity apply to those water bodies (*see* 6 NYCRR ch X, arts 4, 10). Nor did the DEIS or the FEIS adequately identify how much effluent would be discharged into those bodies of water over what periods of time, what the nature of the effluent might be, and what the effect upon those bodies of water are likely to be. With respect to historical and archaeological resources, the Supreme Court properly determined that the DEIS and the FEIS were rendered inadequate by the absence of a site-specific and design-specific phase 1-B archaeological study.

The Supreme Court also properly found that the DEIS and the FEIS provided no demographic analysis or projections with respect to the effect of the availability of a steady and stable supply of potable water on population movement into or out of the Village, other than a conclusory assumption that the Village birth rate would continue to grow at a steady rate of 6% per

year, and thus failed to take a "hard look" at the secondary impacts of the project.

Hence, the determinations of the Board of Trustees were properly annulled. However, the matter should have been remitted to the Board of Trustees for the preparation of an amended FEIS which considers and analyzes these issues as they apply to the proposal and the alternatives identified in the DEIS and the FEIS. A supplemental environmental impact statement (hereinafter SEIS), as directed by the Supreme Court, is not the proper vehicle in which to consider these issues. An agency may require an SEIS where inadequacies in the FEIS "arise from . . . (a) changes proposed for the project; (b) newly discovered information; or (c) a change in circumstances related to the project" (6 NYCRR 617.9 [a] [7] [i]; *see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 429-430; *Matter of Riverkeeper, Inc. v Planning Board of Town of Southeast*, 32 AD3d at 438 [Spolzino, J., concurring in part and dissenting in part]; *see also* 6 NYCRR 617.9 [a] [7] [i]). Since the inadequacies here did not "arise from" those factors, but rather from deficiencies in the initial FEIS, the FEIS must be amended to address the additional issues of environmental concern. Contrary to the County's contention, however, the DEIS and the FEIS were not inadequate for failing to consider a reasonable number of feasible alternatives. Where an EIS identifies feasible alternatives to a proposed project, analyzes the impacts associated with those alternatives in comparison to the initial proposal, and incorporates aspects of the alternatives in mitigation of the impacts associated with the initial proposal, the lead agency has satisfied its obligations under SEQRA (*see* ECL 8-0109 [2] [d]; 6 NYCRR 617.9 [b] [5] [v]). The FEIS, in this instance, considered three alternative pipeline routes, "no action," alternative pipe dimensions, an alternate site for a filtration and pump station, and the potential drilling of additional wells. The alternatives section of an FEIS need not identify or discuss every conceivable alternative, including the particular alternatives propounded by the County, and need not be exhaustive, particularly where the various options lie along a continuum of possibilities (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 777 [2005]). A rule of reason is applicable to the discussion of alternatives in an FEIS (*see Akpan v Koch*, 75 NY2d at 570). Where there has been such a reasonable consideration of alternatives, the judicial inquiry is at an end (*see Matter of Town of Dryden v Tompkins County Bd. of Representatives*, 78 NY2d 331, 333-334 [1991]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 777).

The parties' remaining contentions either are without merit

or have been rendered academic. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.