■ In the Matter of FRIENDS OF THE STANFORD HOME et al., Respondents, v TOWN OF NISKAYUNA et al., Respondents, and HIGHBRIDGE DEVELOPMENT BR, LLC, et al., Appellants. [857 NYS2d 248]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Sise, J.), entered September 17, 2007 in Schenectady County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town Board of the Town of Niskayuna issuing a special use permit to respondent Highbridge Development BR, LLC.

Respondent Ingersoll Adult Home, Inc. operates an adult residential facility in a historic mansion located at 3421 State Street in the Town of Niskayuna, Schenectady County. In January 2005, Ingersoll entered into a contract to sell the property to respondent Highbridge Development BR, LLC, conditioned upon Highbridge completing construction of, and subsequently selling to Ingersoll, a new adult home facility at 3359 Consaul Road, which is located within respondent Town of Niskayuna, approximately one mile from the State Street property. In April 2006, respondent Town Board of the Town of Niskayuna ap-

proved a special use permit for construction of the new facility at the Consaul Road site and construction began in 2007.

Meanwhile, in June 2006, Highbridge applied to the Town Board for a special use permit to construct a commercial/retail complex called Stanford Crossings at the State Street site. The Town Board designated the project a type I action. After holding a public hearing on the application, completing a full environmental assessment form in accordance with the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]), and considering, among other things, the impact of the Stanford Crossings project on water quality and quantity, traffic, noise and the existing character of the community, the Town Board designated itself as lead agency and issued a negative declaration. The Town Board then issued Highbridge a special use permit to construct the Stanford Crossings project.

Petitioners commenced this CPLR article 78 proceeding seeking to annul the negative declaration and the special use permit for Stanford Crossings, and seeking injunctive relief prohibiting approval or further development of the State Street site. Supreme Court granted the petition, holding that the Consaul Road project and the State Street project should have been considered a single action for purposes of SEQRA. The court concluded that the Town Board's failure to conduct a cumulative review of the environmental impacts of the two projects improperly segmented the SEQRA review process. Highbridge and respondent LJC Properties, LLC[1] (hereinafter collectively referred to as respondents) appeal.[2]

Segmentation is "the division of the environmental review of an action such that various activities or stages are addressed [for purposes of environmental quality review] as though they were independent, unrelated activities, needing individual determinations of significance" (6 NYCRR 617.2 [ag]). Such division is impermissible when the environmental review of an action is divided into smaller stages in order to avoid the detailed review called for under SEQRA (*see Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1020 [2003]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 204 AD2d 548, 550-551 [1994], *lv dismissed and denied* 85 NY2d 854 [1995]). Thus, individual projects should be considered together when they are integrated components of a larger plan, dependent upon one another and sharing a common purpose (*see Matter of Village of Westbury v Department of*

---

1. LJC Properties, LLC purchased the Consaul Road property from the previous owners and then sold it to Highbridge.

2. The Town and the Town Board withdrew their appeals.

*Transp. of State of N.Y.*, 75 NY2d 62, 69 [1989]; *Matter of Teich v Buchheit*, 221 AD2d 452, 454 [1995]). However, where seemingly related projects are, in fact, independent and not part of a larger plan of development, cumulative review is not required (*see Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d at 1020; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 620 [2002], *lv denied* 98 NY2d 609 [2002]; *Matter of Concerned Citizens for Envt. v Zagata*, 243 AD2d 20, 23 [1998], *lv denied* 92 NY2d 808 [1998]).

Respondents contend that the State Street and Consaul Road projects are unrelated actions with independent utility and that, accordingly, the Town Board did not impermissibly segment SEQRA review of the two projects. Petitioners argue that contingencies in the contract of sale for the State Street property establish a nexus between the two projects. Those contingencies provided that the sale of that property would not go forward unless the Consaul Road facility was timely constructed and title to the two properties was simultaneously transferred between Ingersoll and Highbridge.

We agree with respondents. The contractual contingencies, standing alone, do not create a geographic or environmental interrelationship between the two projects. Rather, they accommodate a practical consideration which would have applied to the transaction no matter where the new facility was to be constructed; specifically, the fact that the residents of the State Street facility could not be moved out of the old facility until the new facility was completed. Importantly, the State Street and Consaul Road projects have entirely different and separate purposes, they are located approximately one mile apart and they are not part of a common design. Furthermore, and significantly, neither the construction of the Consaul Road facility, which is already underway, nor the sale of the State Street property to Highbridge is contingent upon issuance of a special use permit for Stanford Crossings. In short, the contractual link between these otherwise independent actions is not sufficient to establish that they are part of an overall plan of development that would require cumulative review.

As an alternative ground for affirmance, petitioners argue that the special use permit should be annulled because the Town Board failed to identify alternative sites or mitigation measures and did not offer a reasoned elaboration of its decision with regard thereto. However, neither the regulations nor case law requires the Town Board to do so where, as here, a negative declaration was issued (*see Matter of Fuss v Hannibal Town Planning Bd.*, 295 AD2d 921, 922 [2002], *lv denied* 99 NY2d 505 [2003]).

Finally, we do not agree with petitioners' contention that the Town Board violated 6 NYCRR 617.3 (a). Although the Planning Board noted that its approval recommendation was "based on the Town Board requiring a full Environmental Impact Statement," that body did not "determine[ ] that the action may have a significant adverse impact on the environment" (6 NYCRR 617.3 [a]).

Carpinello, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

 