In the Matter of SAVE OPEN SPACE et al., Appellants, v PLANNING BOARD OF THE TOWN OF NEWBURGH et al., Respondents. [904 NYS2d 188]—

In two related proceedings pursuant to CPLR article 78 (1) to review two determinations of the Planning Board of the Town of Newburgh dated May 3, 2007, adopting an environmental findings statement, and October 4, 2007, granting preliminary site plan approval, respectively, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), entered December 10, 2008, which denied the second amended petition and dismissed the proceeding, and (2) to review a determination of the Planning Board of the Town of Newburgh dated May 29, 2008, granting preliminary and final subdivision approval, the petitioners appeal from

an order and judgment (one paper) of the same court dated February 17, 2009, which denied the petition and dismissed the proceeding.

Ordered that the orders and judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondent developer sought to construct an approximately 850,000 square foot shopping center at the intersection of Interstate 84 and Route 300 in the Town of Newburgh. In July 2004 the developer submitted an application for site plan review to the respondent Planning Board of the Town of Newburgh (hereinafter the Planning Board). The Planning Board declared itself lead agency on the project and issued a positive declaration under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). A public scoping session was held, and written comments from the public were received prior to acceptance of the final scope in February 2005. A draft environmental impact statement (hereinafter draft EIS) was accepted on May 4, 2006. Two public hearings on the draft EIS were held and the public comment period was kept open until July 31, 2006. A final EIS was accepted on March 15, 2007. On April 4, 2007 the developer submitted an application to the Planning Board for subdivision approval to enable it to create four parcels out of the site, each to be under separate ownership, but the application was rejected as incomplete. On May 3, 2007 the Planning Board adopted an environmental findings statement (hereinafter EFS). On August 27, 2007 the subdivision application was resubmitted and accepted. On October 4, 2007 the Planning Board granted preliminary site plan approval to the project.

On March 6, 2008 the Planning Board adopted an amended EFS, finding that the requested subdivision had no potential to cause a significant adverse environmental impact, and a supplemental EIS was not warranted. A public hearing was held on the subdivision application. On May 29, 2008 the Planning Board granted preliminary and final subdivision approval subject to certain conditions, including execution of a simplified town-owner pact agreement and a reciprocal easement agreement. On June 19, 2008 the Board adopted a second amended EFS to incorporate certain changes recommended or required by other agencies, and granted final conditional site plan approval for the project.

In the first proceeding, the petitioners challenge the Planning Board's adoption of the EFS and its grant of preliminary site plan approval. The Supreme Court denied the second amended

petition and dismissed the proceeding. In the second proceeding, the petitioners challenge the Planning Board's grant of preliminary and final subdivision approval. The Supreme Court denied that petition and dismissed the proceeding. We affirm both orders and judgments.

" '[J]udicial review of a SEQRA determination is limited to determining whether the challenged determination was affected by an error of law or was arbitrary and capricious, an abuse of discretion, or was the product of a violation of lawful procedure' " (*Matter of County of Orange v Village of Kiryas Joel*, 44 AD3d 765, 767 [2007], quoting *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 619 [2002]).

Contrary to the petitioners' contention, the Planning Board considered a reasonable range of feasible alternatives (*see Matter of Town of Dryden v Tompkins County Bd. of Representatives*, 78 NY2d 331 [1991]; *Akpan v Koch*, 75 NY2d 561, 570 [1990]; *Matter of County of Orange v Village of Kiryas Joel*, 44 AD3d at 769; ECL 8-0109 [2] [d]; [4]; 6 NYCRR 617.9 [b] [5] [v]). The Planning Board analyzed the impacts associated with those alternatives in comparison with the initial proposal, and incorporated aspects of the alternatives in mitigation of the impacts associated with the initial proposal (*see Matter of County of Orange v Village of Kiryas Joel*, 44 AD3d at 769). The Planning Board was not required to consider the petitioners' proposed alternatives. Consideration of a smaller scale alternative is permissive, not mandatory, and alternatives are to be considered in light of the developer's objectives (*see* 6 NYCRR 617.9 [b] [5] [v]).

Further, the Planning Board did not improperly defer consideration of environmental impacts or deny the public a meaningful opportunity to participate in the process. Numerous public hearings were held during the environmental review. The Planning Board's determination that certain outstanding issues regarding necessary approvals from other agencies did not require the reopening of public hearings or the preparation of a supplemental EIS was not arbitrary and capricious (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231 [2007]; 6 NYCRR 617.9 [a] [7] [i]).

The Planning Board's separate approval of the subdivision application did not constitute improper segmentation of environmental review (*see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 823 [2007]; *Matter of Maidman v Incorporated Vil. of Sands Point*, 291 AD2d 499, 501 [2002]; 6 NYCRR 617.2 [ag]; *cf. Matter of Defreestville Area Neighbor-*

*hoods Assn. v Town Bd. of Town of N. Greenbush,* 299 AD2d 631 [2002]). Subdivision will not result in physical changes to the project and the simplified town-owner pact agreement and reciprocal easement agreement, required as conditions of preliminary site plan approval, will ensure that the responsibility to ensure enforcement of the conditions of approval will be held by a single entity. Accordingly, subsequent consideration of the subdivision application did not distort the environmental review process (*see Matter of East End Prop. Co. #1, LLC v Kessel,* 46 AD3d at 823). For the same reasons, the Planning Board's determination that the proposed subdivision did not warrant preparation of a supplemental EIS was not arbitrary and capricious (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d at 231; 6 NYCRR 617.9 [a] [7] [i]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.