■ TRIBECA COMMUNITY ASSOCIATION et al., Appellants, v NEW YORK CITY DEPARTMENT OF SANITATION et al., Respondents, and FRIENDS OF HUDSON RIVER PARK, Intervenor-Respondent. [923 NYS2d 31]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered January 12, 2010, which denied plaintiffs-petitioners' motion for injunctive and declaratory relief, and granted defendants-respondents' cross motions dismissing this combined declaratory judgment action and proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioners challenge the City respondents' determination to acquire and construct a proposed three-district sanitation garage and regional salt shed at Spring Street and the West Side Highway in Manhattan. Petitioners maintain, among other

things, that they have standing to seek to invalidate a 2005 settlement agreement between the City respondents and Friends of Hudson River Park to relocate some of its sanitation facilities from the Gansevoort Peninsula at the Hudson River Park.

The court properly dismissed as untimely petitioners' first and fourth causes of action challenging the City respondents' actions in entering into the 2005 settlement agreement without permitting public comment. Petitioners' attempt to circumvent the four-month statute of limitations applicable to article 78 proceedings by characterizing this proceeding as a contract action was properly rejected by the court. Petitioners are challenging the City respondents' approval of the project after land use and environmental reviews, not the City respondents' execution of the settlement agreement. Accordingly, the four-month statute of limitations (*see* CPLR 217 [1]), rather than the six-year statute of limitations applicable to actions challenging the legality of contracts (*see* CPLR 213), applies.

Even if the petition had been timely commenced, it was properly dismissed since petitioners lacked standing to challenge the 2005 settlement agreement. Indeed, petitioners failed to show that they were harmed by the provisions of the agreement setting forth deadlines for the removal of sanitation facilities from the Gansevoort Peninsula (*see generally New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207 [2004]). The record demonstrates that the agreement did not mandate that the sanitation facilities be relocated to the Spring Street location. Nor was the agreement a "proposed significant action affecting the park or community" requiring public notice and opportunity to comment under the Hudson River Park Act (L 1998, ch 592). As the court correctly found, the agreement enabled respondent Hudson River Park Trust to protect and enforce the park plan while providing the City with the time it needed to find an alternative location for the facilities located on the peninsula.

The court also properly found that the City respondents took the requisite "hard look" at the relevant areas of environmental concern and made a "reasoned elaboration" of the basis for their determination (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986] [internal quotation marks omitted]). Respondent Department of Sanitation of the City of New York's (DSNY) final environmental impact statement adequately assessed potential environmental impacts of, and mitigation measures for, the proposed project.

Contrary to petitioners' contention, DSNY's analysis of

alternatives to the proposed project was sufficient. DSNY considered a reasonable range of alternatives (*see Matter of C/S 12th Ave. LLC v City of New York*, 32 AD3d 1, 7 [2006]), and was not required to consider every conceivable alternative (*see Matter of Jackson*, 67 NY2d at 417). DSNY's rejection of several alternative sites that were not large enough to accommodate the proposed buildings, were incompatible with surrounding land uses, had no ready access to arterial roadways and truck routes, or were too far from the districts to be served, was supported by evidence of record and was rational.

Contrary to petitioners' contention, there was no evidence that DSNY engaged in improper segmentation in its analysis by breaking the project into separate component parts "that, individually, would not have as significant an environmental impact as the entire project" (*Matter of Concerned Citizens for Envt. v Zagata*, 243 AD2d 20, 22 [1998], *lv denied* 92 NY2d 808 [1998]).

Lastly, DSNY conducted a meaningful analysis of the burdens associated with the project as it related to the equitable distribution of public facilities throughout the City (*see* NY City Charter §§ 203, 204).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30037(U).]**