# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1026.2
OP 11-01202
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF H.H. WARNER, LLC, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ROCHESTER GENESEE REGIONAL TRANSPORTATION
AUTHORITY, RESPONDENT.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (JAMES S. GROSSMAN OF COUNSEL), FOR
PETITIONER.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KATHLEEN M. BENNETT OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent to acquire certain real property by eminent domain.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this proceeding pursuant to EDPL 207 seeking to annul the determination to condemn three of its parcels in downtown Rochester, which are currently parking lots, for use as a regional and intercity bus transit center.  Petitioner challenges only whether, pursuant to EDPL 207 (C) (3), respondent's determination and findings "were made in accordance with procedures set forth in" the State Environmental Quality Review Act ([SEQRA] ECL art 8).  As a preliminary matter, we reject respondent's contention that the challenge to the SEQRA determination is untimely.  Although the amended negative declaration was issued on June 8, 2010, respondent's determination to condemn the property was not made until May 5, 2011.  A proceeding under EDPL 207 must be commenced within 30 days "after the condemnor's completion of its publication of its determination and findings pursuant to [EDPL 204]" (EDPL 207 [A]), and it is undisputed that petitioner commenced this EDPL proceeding in a timely manner.  EDPL 207 (C) (3) was amended in 1991 explicitly to allow courts to review a SEQRA determination in the context of a proceeding to challenge a determination to condemn property.  The statute does not require that a separate CPLR article 78 proceeding must have been commenced in order to challenge an earlier SEQRA determination; in fact, "[t]he 1991 amendment was intended to permit a reviewing court to pass on both the EDPL issues and the SEQRA issues in one proceeding[,] thereby facilitating prompt review and conserving

judicial resources" (*Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 84 NY2d 287, 297).

On the merits, we agree with respondent that it "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417; *see Matter of C/S 12th Ave. LLC v City of New York*, 32 AD3d 1, 7; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675, 676, *lv denied* 5 NY3d 716). Respondent's determination was not affected by an error of law, nor was it arbitrary or capricious or an abuse of discretion (*see generally Matter of Town of Dryden v Tompkins County Bd. of Representatives*, 78 NY2d 331, 333). Contrary to petitioner's contention, respondent renewed and updated its SEQRA review once the scope of the project decreased, and it considered alternative locations for the project. In addition, while the decreased scope of the project would not provide the same economic revitalization to the downtown area in question as would have the initial proposed project, respondent appropriately considered that factor in its SEQRA review. In reviewing a SEQRA determination, the role of the courts is not to "weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Jackson*, 67 NY2d at 416), and we conclude that respondent satisfied the procedural and substantive requirements of SEQRA herein.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court