Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 2, 2011, denying the petition to annul the determination of respondent City Council to rezone the site of a mixed-use development project in the Williamsburg section of Brooklyn (the project), to annul the determination of respondent Planning Commission approving the project, and to enjoin all respondents from proceeding with the project until it is reconsidered under the State Environmental Quality Review Act (SEQRA) and City Environmental Quality Review (CEQR), and dismissing the petition brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Our review of the record indicates that the municipal respondents took the requisite “hard look” at the project’s anticipated adverse environmental impacts and provided a “reasoned elaboration” of the basis for their approval of the project, and that their determination was not arbitrary and capricious or unsupported by the evidence (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]; Akpan v Koch, 75 NY2d 561, 570 [1990]).
Contrary to petitioners’ contention, the fact that respondent developer’s 30% affordable housing figure was a mere goal, *522 rather than a binding commitment, was adequately disclosed to the public. The draft and final environmental impact statements (DEIS and FEIS) noted that the developer “would be required to allocate 20% of the residential floor area as affordable housing,” although it was the developer’s “stated intention” to make 30% of the units affordable housing. Public commentators on the DEIS noted that the developer was not obligated to make more than 20% of the units affordable housing, and requested a “written commitment” or “suitable assurance” that it would meet the 30% goal. At the request of the City Council, following a public hearing, the developer and the New York City Department of Housing Preservation and Development executed a non-binding memorandum of understanding reciting that “[n]ot less than [30%] of all dwelling units developed on the Site . . . will be Affordable Housing, provided, however, that if the Project is constructed without any public subsidy . . . , not less than [20%] of all dwelling units . . . will be Affordable Housing.”
Petitioners’ contention that the record is devoid of evidence of any need for the project or for a change in zoning from manufacturing to mixed-use residential is belied by the statement of the project’s objectives and goals in the FEIS. These objectives and goals included “addressing] community concerns that affordable housing is still not achievable for existing working-class residents of Williamsburg,” “[c]reat[ing] physical and visual access to the waterfront, including a substantial amount of publicly accessible open space,” and “[r]edevelop[ing] a former waterfront industrial site into an economically integrated mix of residential, retail/commercial, and community facility uses with a high quality design.”
Contrary to petitioners’ argument, respondents considered a number of reasonable alternatives to the project, including the requisite “no action alternative” (the continuation of the heavy industrial zoning) and a reduced density alternative (a smaller project with lower building heights and the assumption that 20% of the units would be affordable housing). After considering these alternatives, the Planning Commission concluded that the project minimized or avoided adverse environmental impacts to the greatest extent practicable. This analysis amply satisfies the requirements of SEQRA and CEQR (see Matter of Town of Dryden v Tompkins County Bd. of Representatives, 78 NY2d 331, 334 [1991]; see also 6 NYCRR 617.9 [b] [5] [v]; Matter of Save Open Space v Planning Bd. of the Town of Newburgh, 74 AD3d 1350, 1352 [2d Dept 2010], lv denied 15 NY3d 711 [2010]).
We have considered petitioners’ remaining contentions and *523 find them unavailing. Concur — Tom, J.E, Andrias, Saxe, Acosta and Freedman, JJ.