■ In the Matter of Town of Blooming Grove et al., Respondents, v County of Orange et al., Appellants. [959 NYS2d 265]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review Orange County Legislative Resolution No. 92 of 2010, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the extension of the Orange County Sewer District No. 1, and Orange County Legislative Resolution No. 175 of 2010, enacting the Orange County Sewer District No. 1 extension, the County of Orange and the Orange County Sewer District No. 1 appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Nicolai, J.), dated May 9, 2011, as granted the petition to the extent of annulling Orange County Legislative Resolution Nos. 92 and 175 of 2010.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In February 2007, the County of Orange purchased about 258 acres of property located in the Town of Blooming Grove, the Town of Chester, and the Village of Chester (hereinafter the property) from the City of New York. In April 2009, the County entered into a purchase and sale agreement with Mountco Construction and Development Corp. (hereinafter Mountco), pursuant to which Mountco agreed to construct residential, commercial, and retail facilities on the property (hereinafter the Mountco project). The contract contained many contingencies, one of which required the County to guarantee adequate sewer capacity; if this contingency was not met within a specified inspection period, Mountco could unilaterally cancel the contract.

In October 2009, pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), the Town Board for the Town of Chester and the Planning Board for the Town of Blooming Grove declared themselves co-lead agencies for the purpose of conducting an environmental review of the Mountco project, labeled it a Type I action, and issued a positive declaration. Four County agencies were listed as involved agencies and were notified of the positive declaration. In November 2009, a Full Environmental Assessment Form (hereinafter EAF) was completed, and in February 2010, a final scoping document was adopted.

Meanwhile, after the inspection period for the Mountco project was extended numerous times because neither the Town of Blooming Grove nor the Town or Village of Chester would guarantee adequate sewer capacity, the County began to consider a plan to extend the Orange County Sewer District No.

1 to include the property (hereinafter the OCSD extension). In May 2010, the County Legislature adopted Resolution No. 92 of 2010, declaring itself lead agency for the purpose of conducting an environmental review pursuant to SEQRA of the OCSD extension, classified the action as unlisted, issued a negative declaration, and prepared a short form EAF. In August 2010, after a public hearing, the County Legislature adopted Resolution No. 175 of 2010, enacting the OSCD extension. In September 2010, the Town of Blooming Grove and the current provider of sewer service to the property, the Town of Blooming Grove LaGuardia Sewer District (hereinafter together the petitioners), commenced this CPLR article 78 proceeding, inter alia, to review the subject resolutions. The Supreme Court granted the petition to the extent of annulling the aforementioned resolutions.

Initially, the petitioners have established "a demonstrated interest in the potential environmental impacts of the project" (*Matter of Town of Babylon v New York State Dept. of Transp.*, 33 AD3d 617, 618-619 [2006]) and, thus, have standing to prosecute this CPLR article 78 proceeding (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 86-87 [2007]; *Matter of County of Orange v Village of Kiryas Joel*, 44 AD3d 765, 767 [2007]).

Additionally, under the circumstances of this case, the County improperly segmented the SEQRA review of the OCSD extension from the Mountco project (*see* 6 NYCRR 617.3 [g] [1]; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62 [1989]; *Matter of AC I Shore Rd., LLC v Incorporated Vil. of Great Neck*, 43 AD3d 439, 442 [2007]; *Matter of Long Is. Pine Barrens Socy. v Town Bd. of Town of Riverhead*, 290 AD2d 448, 448 [2002]). Contrary to the appellants' contentions, the record establishes that the Mountco project and the OCSD extension are part of an integrated and cumulative development plan sharing a common purpose (*see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 823 [2007]; *cf. Matter of Friends of Stanford Home v Town of Niskayuna*, 50 AD3d 1289 [2008]). Since the Town of Chester and the Planning Board of the Town of Blooming Grove, as co-lead agencies of the Mountco project, had already issued a positive declaration, the County was prohibited from issuing a subsequent determination (*see* 6 NYCRR 617.6 [b] [3] [iii]; *Matter of Gordon v Rush*, 299 AD2d 20, 29 [2002], *affd* 100 NY2d 236 [2003]; *Matter of Incorporated Vil. of Poquott v Cahill*, 11 AD3d 536, 542 [2004]).

In light of our determination, we need not consider the par-

ties' remaining contentions, including the petitioners' alternative ground for affirmance (see *Cholowsky v Civiletti*, 69 AD3d 110, 116 [2009]; *Bienaime v Reyer*, 41 AD3d 400, 403 [2007]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.