■ In the Matter of Committee to Stop Airport Expansion et al., Appellants, v William Wilkinson et al., Respondents. Save East Hampton Airport, Inc., Intervenor-Respondent. [5 NYS3d 274]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of East Hampton dated September 2, 2010, which adopted the Final Generic Environmental Impact Statement and the Findings Statement regarding the East Hampton Airport Master Plan Update and Airport Layout Plan Update, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, Jr., J.), entered October 5, 2012, as, upon, a decision of the same court dated July 5, 2012, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Judicial review of an agency determination under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) is limited to determining whether the challenged determination was affected by an error of law, or was arbitrary and capricious, an abuse of discretion, or was the product of a violation of lawful procedure (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416 [1986]; *Matter of Save Open Space v Planning Bd. of the Town of Newburgh*, 74 AD3d 1350, 1352 [2010]; *Matter of East End Prop. Co. #1, LLC*

*v Kessel*, 46 AD3d 817, 820 [2007]). Courts may review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (*see Matter of Chinese Staff & Workers' Assn. v Burden*, 19 NY3d 922, 924 [2012]; *Akpan v Koch*, 75 NY2d 561, 570 [1990]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 417). " '[I]t is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively' " (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 776 [2005], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416).

Here, the Town Board of the Town of East Hampton (hereinafter the Town Board) fulfilled its obligations under SEQRA by taking a hard look at potential noise impacts of the proposed actions and made a reasoned elaboration of the basis for its determination in the Final Generic Environmental Impact Statement (hereinafter FGEIS), which thoroughly analyzed noise data and potential noise mitigation based upon noise averaging methodology along with single event noise data. Although the petitioners disagree with the use of the noise averaging methodology, the determination of the Town Board is supported by accepted governmental guidelines for measuring noise impacts around airports (*see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d at 822; *Matter of Residents for More Beautiful Port Washington v Town of N. Hempstead*, 149 AD2d 266, 274 [1989]). The record also demonstrates that the Town Board complied with Town of East Hampton Town Code § 128-2-40 (C) (2), which, under the circumstances, required the consideration of single event noise in the FGEIS.

Contrary to the petitioners' contentions, the Town Board considered a reasonable range of alternatives in the FGEIS (*see* 6 NYCRR 617.9 [b] [5] [v]; *Matter of Town of Dryden v Tompkins County Bd. of Representatives*, 78 NY2d 331, 333-334 [1991]; *Matter of Save Open Space v Planning Bd. of the Town of Newburgh*, 74 AD3d at 1352). The FGEIS need not identify or discuss every conceivable alternative, including the particular alternative proposed by the petitioners (*see Matter of Save Open Space v Planning Bd. of the Town of Newburgh*, 74 AD3d at 1352; *Matter of County of Orange v Village of Kiryas Joel*, 44 AD3d 765, 769 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 777).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.