■ In the Matter of MICHAEL R. BLOOMBERG et al., Petitioners, v JOHN C. LIU, Respondent. NEIGHBORHOOD IN THE NINETIES, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [18 NYS3d 542]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 28, 2014, which granted the petition under index No. 401122/13 to compel respondent to register the long-term contract between petitioner Department of Homeless Services (DHS) and defendant Aguila, Inc. (in index No. 156382/13) for the Freedom House shelter at 316 and 330 West 95th Street in Manhattan, and granted defendants' motion under index No. 156382/13 to dismiss the complaint, unanimously affirmed, without costs.

In siting Freedom House, DHS met its obligation to perform a "meaningful analysis" of the Fair Share Criteria, i.e., the burdens and benefits associated with the facility with due regard for its social and economic impacts on the surrounding area (*see Tribeca Community Assn. v New York City Dept. of Sanitation*, 83 AD3d 513, 515 [1st Dept 2011]; NY City Charter § 203; 62 RCNY Appendix A ["Criteria for the Location of City Facilities"]). DHS substantially tracked the Fair Share Criteria and set forth its findings in a detailed 10-page Fair Share Analysis, which concluded, inter alia, that Freedom House

would neither cause an "[u]ndue concentration . . . of . . . facilities providing similar services or serving a similar population" nor have "a significant cumulative negative impact on neighborhood character" (62 RCNY Appendix A, art 6, ¶¶ 6.51, 6.53 [a]). On this record, we find no reason to interfere with the City's siting decision.

We have considered plaintiff's various contentions as to the inadequacy of DHS's Fair Share Analysis and find them unavailing. Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 43 Misc 3d 1203(A), 2014 NY Slip Op 50459(U).]**