Matter of Kai Ming Chen v City of New York (2025 NY Slip Op 01861)

Matter of Kai Ming Chen v City of New York

2025 NY Slip Op 01861

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 151375/23|Appeal No. 3995-&[M5842]|Case No. 2024-01301|

[*1]In the Matter of Kai Ming Chen et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents. 

Belkin Burden Goldman, LLP, New York (Mark Antar of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for The City of New York, The New York City Department of Homeless Services and Gary P. Jenkins, respondents.
Silverman Shin & Schneider PLLC, New York (Andrew V. Achiron of counsel), for Care for the Homeless, Inc. and CFH 91 East Broadway Housing Development Fund Corp., respondents.

Order and judgment (one paper), Supreme Court, New York County (Shahabuddeen Abid Ally, J.), entered on or about January 25, 2024, which, to the extent appealed from as limited by the briefs, denied the petition to annul the determination of respondent The New York City Department of Homeless Services (DHS), dated January 26, 2022, approving a proposal to open a Safe Haven homeless shelter, denied petitioners' motion for leave to take discovery, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners did not sustain their burden of showing that DHS's determination was arbitrary and capricious or unlawful as a matter law (CPLR 7803[3]; see Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Respondents met their obligation to perform a meaningful analysis of the Fair Share Criteria (see Matter of Bloomberg v Liu, 133 AD3d 414, 414 [1st Dept 2014]; Matter of Turtle Bay Assn. v Dinkins, 207 AD2d 670, 670 [1st Dept 1994]). In its report DHS considered the number of similar facilities within a half-mile radius of the proposed site as well as the planned closure of two sites around the same time the proposed site was set to open and determined that the proposed site would not have a significant negative cumulative impact on the neighborhood character (New York City Charter § 203[a]).
DHS also considered various alternative proposed sites, in the same area and in community districts with lower ratios of residential facility beds to population than the citywide average and found the cost of construction or operation of those other facilities was among the reasons for rejecting the locations. Moreover, DHS concluded the other sites lacked viability due to zoning restrictions or building conditions making conversion into shelters prohibitive (see Tribeca Community Assn. v New York City Dept. of Sanitation, 83 AD3d 513, 514-515 [1st Dept 2011]). DHS did not presume that other sites were undesirable without due consideration nor did it expressly decline to consider other sites (cf. Matter of Silver v Dinkins, 158 Misc 2d 550, 554-555 [Sup Ct, New York County 1993], affd 196 AD2d 757 [1st Dept 1993], lv denied 82 NY2d 659 [1993]).
Supreme Court providently denied the motion for leave to seek discovery, as the documents in the record and the City's published rules and regulations are sufficient to determine the issues presented (CPLR 408; see Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 74 [1st Dept 2021] lv dismissed 37 NY3d 1088 [2021]; Matter of L&M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127, 136 [1st Dept 2009], affd as modified 17 NY3d 149 [2011]).
We have considered petitioners' remaining contentions and find them unavailing. M-5842 - Matter of Kai Ming Chen v The City of New York
Motion by respondents CFH 91 East Broadway Housing Development Corp. and Care for the Homeless[*2], Inc. to dismiss the appeal, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025