OPINION OF THE COURT
Wesley, J.
In 1989, the Village Board of the Village of Roslyn approved the construction of a 116,000 square foot mall that would contain an assortment of shops and a riverfront promenade. The developer of that project (the Delco project) then applied for a Tidal Wetlands Permit from the Department of Environmental Conservation (DEC). The permit was granted by DEC, but the developer was required to reduce the size of the mall, and to eliminate the riverfront promenade and over 25% of the parking spaces. Shortly thereafter, the developer abandoned the project.
In 1994, LCS Realty acquired the rights to the project site. Instead of an assortment of shops on the riverfront, LCS *573 proposed to construct a single, large 24-hour supermarket on the site. Not surprisingly, the supermarket was projected to generate higher traffic volumes by a consultant for the Village Board.
LCS Realty submitted a long form Environmental Assessment Form (EAF) to the Board’s environmental consultant at 7:00 p.m. on Friday, October 14. On October 17, the consultant issued a report listing nine areas that remained to be addressed before a determination of environmental significance could be made.
On October 18, the Board conducted a public hearing on LCS Realty’s application for site plan approval. One of the trustees then read a lengthy resolution that contained a negative declaration under the State Environmental Quality Review Act (SE-QRA). The resolution compared the LCS Realty project favorably with the Delco project and recited that DEC had issued a Tidal Wetlands Permit for the Delco project without noting that DEC had first required significant reductions in the scope of the Delco project. Based in part upon the Environmental Impact Statement (EIS) for the Delco project and the mitigation measures proposed by LCS Realty, the Board found that the project would not result in significant environmental impacts.
Petitioners commenced this CPLR article 78 proceeding to have the site plan approval annulled. Supreme Court found that the Board had issued a negative declaration despite the request of the Village’s environmental consultant for additional information on the nine items identified in the EAF. The court further found that when the negative declaration was issued the Board had been misinformed that DEC had issued a permit for the Delco project as approved by the Board in 1989. In addition, the court found that the Village’s traffic consultant had advised the Board of the need for further traffic safety analysis, but this analysis was not completed until l1/2 months after the negative declaration was issued. The court granted the article 78 petition, annulled the negative declaration, annulled the site plan approval, and remanded the matter to the Village’s Site Review Board for preparation of a supplemental environmental impact statement. On appeal, the Appellate Division affirmed, agreeing with Supreme Court that the Board had not taken a hard look at the relevant areas of environmental concern, and that the Board’s negative declaration was the functional equivalent of a conditioned negative declaration.
*574 We need not determine if the Board’s decision was the functional equivalent of a conditioned negative declaration (see, Matter of Merson v McNally, 90 NY2d 742 [decided today]), because we agree with the Appellate Division’s conclusion that the Board had not taken a hard look at the relevant areas of environmental concern.
"A court’s authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion. The relevant question before the court is 'whether the agency identified the relevant areas of environmental concern, took a "hard look” at them, and made a "reasoned elaboration” of the basis for its determination’ ” (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417).
"[T]he extent to which particular environmental factors are to be considered varies in accordance with the circumstances and nature of particular proposals” (Akpan v Koch, 75 NY2d 561, 570, mot to amend remittitur denied 76 NY2d 846).
Despite the Board’s reliance on the EIS prepared in connection with the Delco project, the impact of the project proposed by LCS Realty diifered dramatically from the Delco project as finally approved. In comparing the EAF for this project with the EIS for the Delco project, the Board disregarded the reductions in scope that DEC had required for the Delco project. In addition, as noted above, the Board’s consultant identified at least nine major areas of concern that were not subsumed within the Delco EIS. Without waiting for the information identified as necessary by its own consultants, the Board issued a negative declaration (see, Matter of New York Archaeological Council v Town Bd., 177 AD2d 923, 925; Matter of Shawangunk Mtn. Envtl. Assn. v Planning Bd., 157 AD2d 273, 276). We agree with the determination of Supreme Court, affirmed by the Appellate Division, that the Board did not take a hard look at .the relevant areas of environmental concern before issuing the negative declaration.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*575 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Cipabick concur.
Order affirmed, with costs.