■ In the Matter of SAMUEL J. ABATE, JR., et al., Constituting the Board of Trustees of the Village of Ardsley, et al., Ap-

pellants, v CITY OF YONKERS et al., Respondents. [694 NYS2d 724] —In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent City of Yonkers from issuing any additional building permits in connection with a commercial development project in the City of Yonkers, the petitioners appeal, as limited by their brief, from (1) a judgment of the Supreme Court, Westchester County (Barone, J.), entered June 18, 1998, which, upon the granting of the application of the respondents Morris Companies and Morris Industrial Builders, L.P., to dismiss the proceeding as premature, dismissed the proceeding, and (2) so much of an order of the same court entered September 9, 1998, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the judgment entered June 18, 1998, is dismissed, as the judgment was superseded by the order entered September 9, 1998, made upon reargument and renewal; and it is further,

Ordered that the order entered September 9, 1998, is reversed insofar as appealed from, the judgment entered June 18, 1998, is vacated, the petition is reinstated and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The appellants' claims are not premature. We find that certain actions taken by some of the respondents were in contravention of the 1995 Statement of Findings adopted by the respondent City Council of the City of Yonkers which required the opening of Sprain Road as a mitigating traffic measure in the commercial development project in the City of Yonkers known as the "Austin Avenue Shopping Center" under construction by the respondents Morris Industrial Builders, L.P., and Morris Companies.

Contrary to the respondents' contention, the stipulation of settlement entered into in a separate action by various respondents in this proceeding was not exempt from review under the State Environmental Quality Review Act (hereinafter SEQRA) as the SEQRA exemption for court actions does not apply to Type I actions (*see,* 6 NYCRR 617.5 [b] [37]; *Matter of Doremus v Town of Oyster Bay,* NYLJ, Jan. 28, 1998, at 28, col 3). In addition, after-the-fact SEQRA compliance such as is required by the terms of the stipulation has been held to be an empty exercise, which in effect, "rubber-stamps" a decision which has already been made (*see, Matter of Tri-County*

*Taxpayers Assn. v Town Bd.,* 55 NY2d 41; *Vitiello v City of Yonkers,* 255 AD2d 506). Moreover, the petitioners have raised valid questions as to whether the stipulation, which appears to require a predetermined result, constitutes a final action and is therefore ripe for judicial review (*see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, *cert denied* 479 US 985) and whether their interests were properly represented in the related action (*see,* CPLR 7804 [e]).

Given the inconsistent positions of the respondent New York State Thruway Authority (hereinafter the NYSTA) with respect to its role in effecting the terms of the stipulation, there is an issue as to whether the authorized version of its Letter of Intent is a final agency action requiring SEQRA review (*see,* 6 NYCRR 617.2). Moreover, the Resolution adopted by the NYSTA in contravention of the 1995 Statement of Findings was a final action which was not preceded by the requisite SEQRA review (*see,* 6 NYCRR 617.2 [c]).

Accordingly, the Supreme Court erred in dismissing the proceeding as premature and the matter is remitted to that court for further proceedings consistent herewith, with all due speed. S. Miller, J. P., Friedmann, Feuerstein and Smith, JJ., concur.