■ In the Matter of CHERIE INGRAHAM et al., Appellants, v PLANNING BOARD OF TOWN OF SOUTHEAST et al., Respondents. [828 NYS2d 568]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Southeast, dated February 23, 2004, which conditionally granted the application of Glickenhaus Brewster Development, Inc., for approval of a final subdivision plat, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered November 8, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one

bill of costs, the petition is granted, and the determination is annulled.

The petitioners commenced this proceeding to review a determination of the Planning Board of the Town of Southeast (hereinafter the Planning Board) which conditionally granted an application by Glickenhaus Brewster Development, Inc. (hereinafter Glickenhaus), for approval of a final subdivision plat. The petitioners argued, inter alia, that the grant violated various local subdivision regulations. Although the Supreme Court properly denied the petition on such grounds (*see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]), the Planning Board's determination nonetheless must be annulled. The conditional final plat approval was premised upon, inter alia, the Planning Board's related determination, dated April 14, 2003, that it had taken the requisite "hard look" at the environmental impacts of the project as lead agency for purposes of environmental review pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). However, in a prior appeal, decided while the appeal at bar was pending, this Court annulled the Planning Board's SEQRA determination and remitted the matter to the Planning Board for the preparation and circulation of a supplemental environmental impact statement (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 32 AD3d 431 [2006]). Thus, the determination granting conditional final plat approval must be annulled (*see Matter of Doremus v Town of Oyster Bay,* 274 AD2d 390, 395 [2000]; *Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484, 493-494 [1982]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.