Stein, J.
Appeal from a judgment of the Supreme Court (J. Sise, J.), entered January 14, 2011 in Montgomery County, which partially granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to, among other things, annul two resolutions of respondent Amsterdam Industrial Development Agency permitting, among other things, respondent Amsterdam Materials Recycling, LLC, to construct and operate a construction and demolition debris landfill and recycling center.
In 2003, respondent Amsterdam Materials Recycling, LLC (hereinafter respondent) submitted an application to respondent Amsterdam Industrial Development Agency (hereinafter AIDA) (see General Municipal Law § 890-i) to develop a construction and demolition debris landfill and recycling center in an industrial park owned by AIDA in the City of Amsterdam, Montgomery County. AIDA became the lead agency with respect to the project and found that the proposed facility might have a significant effect on the environment, triggering the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and the requirement of an environmental impact statement (hereinafter EIS) (see ECL 8-0109 [2]). Two periods of public comment were held on drafts of the EIS, during which many individuals and organizations interested in the project, including petitioner, submitted comments. After the second com *1540 ment period, AIDA accepted the latest draft EIS — which incorporated changes and included the numerous reports that were relied upon, as well as the public comments and responses thereto — as the final EIS (hereinafter FEIS). In 2007, AIDA adopted two resolutions which, among other things, set forth a findings statement (see 6 NYCRR 617.11) and authorized AIDA to enter into a contract with respondent for the construction of the facility.
Petitioner then commenced this CPLR article 78 proceeding, challenging the FEIS and the findings statement and seeking, among other things, to annul the aforementioned AIDA resolutions. Respondent answered asserting affirmative defenses including, among others, lack of standing and failure to exhaust administrative remedies. Petitioner thereafter amended its petition in response. Supreme Court granted the amended petition in part by, as relevant here, declaring the FEIS null and void because it failed to meet SEQRA requirements and invalidating the resolutions that adopted AIDA’s findings statement and authorized the contract between AIDA and respondent. Respondent now appeals.[1]
Preliminarily, we are unpersuaded by petitioner’s argument that this appeal has been rendered moot by AIDA’s adoption in February 2011 of a resolution stating that the SEQRA process would have to be repeated.[2] There is no existing authority for an agency to independently rescind an EIS and the related findings statement in their entirety after they have already been accepted, based solely on the passage of time. Generally, “the mere passage of time does not warrant [the] reopening of environmental review” (Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp., 157 AD2d 1, 8-9 [1990], affd 77 NY2d 970 [1991]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986]; see also Matter of Doremus v Town of Oyster Bay, 274 AD2d 390, 393 [2000]). Even if the lead agency finds an existing EIS to be inadequate, SEQRA regulations permit the agency to require a supplemental EIS, where “specific significant adverse environmental impacts . . . arise from . . . changes proposed for the *1541 project[,] newly discovered information!],] or ... a change in circumstances related to the project” (6 NYCRR 617.9 [a] [7] [i]; see Matter of Doremus v Town of Oyster Bay, 274 AD2d at 393-394). Alternatively, if the inadequacies of the FEIS did not arise from the factors set forth in 6 NYCRR 617.9 (a) (7) (i), the agency may require an amended FEIS (see generally Matter of County of Orange v Village of Kiryas Joel, 44 AD3d 765, 769 [2007]). Here, since Resolution No. 2011-12 is without legal effect insofar as it purports to rescind the FEIS and findings statement, this Court’s determination will clearly impact the parties’ rights. Indeed, even if AIDA’s resolution was authorized, our determination would necessarily implicate respondent’s rights under the contract with AIDA. Thus, the appeal is not moot.
We also reject respondent’s assertion that petitioner lacks standing to challenge the SEQRA determination. In order to establish standing to challenge a SEQRA determination, a municipality “must demonstrate ‘how its personal or property rights, either personally or in a representative capacity, will be directly and specifically affected apart from any damage suffered by the public at large’ ” (Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 983 [2007], lv denied 10 NY3d 706 [2008], quoting Matter of City of Plattsburgh v Mannix, 11 AD2d 114, 117 [1980]; accord Matter of Village of Canajoharie v Planning Bd. of Town of Florida, 63 AD3d 1498, 1501 [2009]), and “ ‘that it will suffer an injury that is environmental and not solely economic in nature’ ” (Matter of Village of Canajoharie v Planning Bd. of Town of Florida, 63 AD3d at 1501, quoting Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433 [1990]; see Society of Plastics Indus. v County of Suffolk, 11 NY2d 761, 787-788 [1991]). Here, petitioner has held an option to purchase property owned by the Butterfield family (hereinafter the Butterfield property), located directly adjacent to the proposed site, since January 2007. Petitioner argues that, by virtue of such interest, it will be subject to “greater exposure to the pollution and nuisance of the landfill.” Petitioner further argues that it has standing in a representative capacity on behalf of its residents living on Chapman Drive, which is also directly adjacent to the proposed landfill site.[3] Given that the proposed landfill’s impact on, among other *1542 things, groundwater resources was specifically identified as a concern during the environmental review of the proposal, petitioner has alleged direct harm with respect to both the Butterfield property and the residences located on Chapman Drive (see generally Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1311 [2007], lv denied 10 NY3d 712 [2008]). Accordingly, Supreme Court properly found that petitioner had standing.[4]
Nor do we find merit in respondent’s contention that petitioner was required to obtain a zoning determination prior to commencing this proceeding. The FEIS specifically acknowledges that a zoning amendment would be necessary in order for the landfill project to comply with the City of Amsterdam’s zoning ordinance. As petitioner is not challenging the applicability of the zoning ordinance, no zoning determination has been made that would necessitate an appeal to the City’s building inspector or zoning board of appeals. Thus, petitioner is not precluded from commencing this proceeding by a failure to exhaust its administrative remedies with respect to zoning compliance.
Turning to the merits, petitioner challenges both procedural and substantive aspects of AIDA’s compliance with SEQRA requirements. Procedurally, it is axiomatic that, once an agency determines that a proposed development project “may have a significant effect on the environment” (ECL 8-0109 [2]) and, therefore, that an EIS is necessary, it must prepare or cause to be prepared a draft EIS for public consideration and solicit comments from the public to aid the agency in its decision-making process (see ECL 8-0109 [4]). After the public comment period, the EIS “is reevaluated to determine in what way, if any, the EIS should be revised or supplemented so as to adequately address issues raised by the comments” (Akpan v Koch, 75 NY2d 561, 569 [1990] [emphasis added]; see ECL 8-0109 [2]; 6 NYCRR 617.9 [b] [8]). The agency then files an FEIS and, before approving the proposed project, must make express written findings that SEQRA’s requirements have been satisfied (see ECL 8-0109 [8]) and must prepare a written statement of the facts and conclusions relied on in the FEIS or comments (see 6 NYCRR 617.9 [b]).
“In addition to these procedural requirements, SEQRA also *1543 imposes substantive requirements, delineating the content of the EIS (ECL 8-0109 [2]) and requiring the lead agency to ‘act and choose alternatives which, consistent with social, economic and other essential considerations, to the maximum extent practicable, minimize or avoid adverse environmental effects’ ” (Akpan v Koch, 75 NY2d at 570, quoting ECL 8-0109 [1]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417). In this regard, the statute and applicable regulations contain general guidelines regarding the content of the EIS, including the general categories of information that must be included and analyzed therein (see Aldrich v Pattison, 107 AD2d 258, 265 [1985]).
Judicial review of a lead agency’s SEQRA determination is, as with administrative proceedings generally, limited to whether the determination was made in accordance with lawful procedure and whether it “was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Akpan v Koch, 75 NY2d at 570; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416). The court’s function is to assure that the agency has satisfied SEQRA, procedurally and substantively, not to evaluate data de novo, weigh the desirability of any particular action, choose among alternatives or otherwise substitute its judgment for that of the agency (see Akpan v Koch, 75 NY2d at 570; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416). When approval of a proposed project is sought to be set aside on the ground that the FEIS was substantively deficient regarding the scope or lack of coverage devoted to specific environmental concerns, mitigation measures or project alternatives, judicial review of the record is focused on whether the lead agency “identified the relevant areas of environmental concern, took a ‘hard look’ at them, and made a ‘reasoned elaboration’ of the basis for its determination. An agency’s compliance with its substantive SEQRA obligations is governed by a rule of reason and the extent to which particular environmental factors are to be considered varies in accordance with the circumstances and nature of particular proposals” {Akpan v Koch, 75 NY2d at 570 [internal quotation marks and citations omitted]). Thus, “the ‘hard look’ standard does not authorize the court to conduct a detailed de novo analysis of every environmental impact of, or alternative to, a proposed project which was included in, or omitted from, [an] FEIS” (Aldrich v Pattison, 107 AD2d at 267).
With those principles in mind, our review of the record here persuades us that AIDA fulfilled all of the procedural requirements of SEQRA. Further, we disagree with Supreme Court’s *1544 findings that the content of the FEIS was deficient in various respects. We do, however, find that the content of AIDA’s findings statement fails to comply with the minimum requirements of SEQRA and applicable regulations and we, therefore, conclude that Supreme Court properly annulled AIDA’s resolutions that adopted such findings statement and authorized the contract between AIDA and respondent.
We are of the view that Supreme Court erred in finding that the FEIS failed to adequately address certain substantive comments made by petitioner and others. Our independent review of the record reveals that, although the FEIS did not explicitly respond to each and every comment, it adequately addressed the issues raised by the comments — including, among others, zoning, community character, storm water management, the potential need for respondent to obtain permits for both air quality and wetlands,[5] and public health hazards pertaining to drinking water and groundwater pollution — and the FEIS was supplemented as necessary (see ECL 8-0109 [2]; 6 NYCRR 617.9 [b] [8]; Akpan v Koch, 75 NY2d at 573). Likewise, our review of the FEIS — which is replete with the results of studies performed and analyses of the relevant environmental issues, including responses to public comments, as well as suggestions of appropriate mitigation measures and alternatives based on the data presented — demonstrates that it identified the relevant areas of environmental concern and that AIDA took a hard look at them (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416; Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d at 984-985).
Nevertheless, AIDA’s findings statement utterly fails to meet the requirement that it “weigh and balance relevant environmental impacts with social, economic and other considerations” and “provide a rationale for [its] decision” (6 NYCRR 617.11 [d] [2], [3]). The findings statement is bereft of any explanation of the FEIS’s findings and conclusions, let alone a “reasoned elaboration” of the basis for AIDA’s determination. This failing deprives us of the ability to ascertain whether AIDA met the *1545 primary purpose of SEQRA, which is to ensure that the agency gives appropriate respect and due consideration to the environment in deciding whether a proposed project should proceed (see Akpan v Koch, 75 NY2d at 571; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 414). Therefore, we agree with Supreme Court that AIDA’s SEQRA determination must be annulled as arbitrary and capricious (see Akpan v Koch, 75 NY2d at 570; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1378 [2011]).
To the extent not specifically addressed herein, the parties’ remaining contentions have been examined and are either unavailing or academic.
Mercure, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) found that the final environmental impact statement failed to comply with the State Environmental Quality Review Act and annulled the final environmental impact statement and (2) found that the findings statement complied with statutory requirements, and, as so modified, affirmed.

. AIDA has not submitted a brief and takes no position on this appeal.

. After respondent filed its notice of appeal in February 2011, AIDA adopted two relevant resolutions: Resolution No. 2011-9 declared that AIDA did not wish to appeal Supreme Court’s judgment, and Resolution No. 2011-12 rescinded AIDA’s FEIS determination and related findings statement and resolved, among other things, that respondent “would need a new FEIS and SEQRA due to passage of time since the 2003 application and the courts [sic] decision in this matter.” We may take judicial notice of these resolutions (see CPLR 4511 [b]).

. While respondent disputes the location of the subject properties in relation to the proposed site and questions petitioner’s motives for acquiring an interest in the Butterfield property, in determining standing, we deem the allegations in the petition to be true and construe them in the light most favor *1542 able to the petitioner (see Matter of Town of Coeymans v City of Albany, 284 AD2d 830, 833 [2001], lv denied 97 NY2d 602 [2001]; Matter of Parisella v Town of Fishkill, 209 AD2d 850, 851 [1994]).

. Therefore, we need not decide whether petitioner has established standing based on a potential impact on community character (see generally Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 90-96 [2007], lv dismissed 12 NY3d 793 [2009], 15 NY3d 817 [2010]).

. To the extent that petitioner argues that the permit applications themselves should be in the FEIS, we disagree. Such applications will be reviewed by the proper agency and will be subject to judicial review, if any, thereafter (see generally Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd, 79 NY2d 373, 382 [1992]). Moreover, whether or not the need for a particular permit is specifically noted in the FEIS, it is without question that respondent must obtain all legally required permits before proceeding with the proposed project (see generally ECL 8-103 [6]; Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd, 79 NY2d at 382).