Matter of Seneca Lake Guardian v New York State Dept. of Envtl. Conservation (2024 NY Slip Op 03856)

Matter of Seneca Lake Guardian v New York State Dept. of Envtl. Conservation

2024 NY Slip Op 03856

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-0838
[*1]In the Matter of Seneca Lake Guardian, Appellant,
v
New York State Department of Environmental Conservation et al., Respondents.

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Earthjustice, New York City (Hillary Aidun of counsel), for appellant.
Letitia James, Attorney General, Albany (Lucas C. McNamara of counsel), for New York State Department of Environmental Conservation, respondent.
Weaver Mancuso Brightman PLLC, Rochester (John A. Mancuso of counsel), for County Line MRF, LLC, respondent.

Clark, J.P.
Appeal from a judgment of the Supreme Court (Mark G. Masler, J.), entered April 19, 2023 in Tompkins County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.
In March 2021, respondent County Line MRF, LLC (hereinafter County Line) applied for a permit from respondent Department of Environmental Conservation (hereinafter DEC) to operate a solid waste and recyclables processing facility in the Town of Cayuta, Schuyler County. In its application, County Line identified that the operation of the proposed facility would produce leachate [FN1] and described, among other things, its leachate control and disposal plan. County Line anticipated its need to transport the leachate to an offsite treatment facility, and, as it was required to pursuant to DEC's regulations, identified Ithaca Area Wastewater Treatment Facility (hereinafter the Ithaca treatment facility) as the offsite facility that would receive the leachate for treatment and disposal (see 6 NYCRR 360.16 [c] [4] [i] [c]; [ii] [e]). Following a public comment period, DEC issued a permit conditioned on County Line's compliance with its application.
Petitioner, a nonprofit organization whose purpose is to preserve and protect the health of the Finger Lakes and the surrounding environment, commenced this combined proceeding and action seeking to annul the permit. Prior to answering, DEC and County Line each moved separately to dismiss, asserting that petitioner lacked standing. Supreme Court granted both motions, finding that petitioner's allegations of harm are insufficient as both "too speculative to confer standing" and no different than harm that would be felt by the public at large. Petitioner appeals.
In relevant part, an organization can establish organizational standing "by asserting a claim on behalf of its members, provided that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 51 [2019] [internal quotation marks and citation omitted]; see Matter of Friends of the Shawangunks v Town of Gardiner Planning Bd., 224 AD3d 961, 962 [3d Dept 2024]). "To establish standing to challenge respondent's governmental action, petitioner[ ] must demonstrate both that [at least one of its members] might suffer an injury in fact — i.e., actual harm by the action challenged that differs from that suffered by the public at large — and that such injury falls within the zone of interests of the [regulations] through which the government acted" (Matter of Clean Air Coalition of W. N.Y., Inc. v New York State Pub. Serv. Commn., 226 AD3d 108, 114-115 [3d Dept 2024] [internal quotation marks, ellipsis, brackets and citations omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775[*2][1991]; Matter of Safety-Kleen Sys., Inc. v New York State Dept. of Envtl. Conservation, 206 AD3d 1332, 1333 [3d Dept 2022]). In reviewing these motions to dismiss, we must accept the allegations in the petition/complaint as true and construe them in the light most favorable to petitioner (see Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d 913, 915 [3d Dept 2023]; Matter of Village of Woodbury v Seggos, 154 AD3d 1256, 1258 [3d Dept 2017]; Matter of Town of Amsterdam v Amsterdam Indus. Dev. Agency, 95 AD3d 1539, 1541 n 3 [3d Dept 2012]). Even so, petitioner maintains "the burden of establishing . . . an injury-in-fact" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]; see Matter of 61 Crown St., LLC v City of Kingston Zoning Bd. of Appeals, 211 AD3d 1134, 1137 [3d Dept 2022]), which "must be based on more than conjecture or speculation" (Matter of Animal Legal Defense Fund, Inc. v Aubertine, 119 AD3d 1202, 1203 [3d Dept 2014]). If an alleged harm is "reasonably certain to occur," then it "cannot be considered speculative" (Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d at 915).
Here, respondents do not controvert that petitioner's alleged injury would fall within the zone of interest of 6 NYCRR part 360, which, in conjunction with other regulations, "sets forth requirements for the management of solid waste" (6 NYCRR 360.1 [a] [1]) to ensure that such waste is safely "transferred, processed, recovered, stored, reclaimed or disposed of" (6 NYCRR 360.1 [b]). Respondents also do not challenge the allegations that petitioner's claims are representative of its organizational purposes — to preserve and protect the health of the Finger Lakes and the surrounding environment — and they do not assert that the participation of petitioner's individual members would be required in the case. Rather, the sole issue on this appeal is whether petitioner sufficiently pleaded that at least one of its members would suffer an injury-in-fact that is different from harm suffered by the public at large, such as to confer petitioner with standing. Petitioner alleged in its petition/complaint that its members would be harmed by the leachate produced by County Line, which would be treated by the Ithaca treatment facility and then dumped into Cayuga Lake. According to petitioner, the type of solid waste that County Line would handle would create leachate that contains per- or polyfluoroalkyl substances (hereinafter PFAS), a by-product linked to adverse health outcomes and which the Ithaca treatment facility is not capable of completely filtering out of the treated leachate. Because the Ithaca treatment facility dumps treated leachate into Cayuga Lake and is incapable of completely filtering out PFAS, petitioner alleged that if County Line was permitted to operate its facility in accordance with its application, as DEC's [*3]permit requires, PFAS would enter the lake and cause petitioner's members harm. In setting forth this harm, petitioner specifically identified a member whose potable drinking water is only filtered through the ground in "beach wells" on Cayuga Lake. As these wells do not filter out PFAS, allowing PFAS to be dumped into the lake would render this member's water contaminated and unsafe to drink.
In their motions to dismiss, neither County Line nor DEC provided evidence rebutting petitioner's allegations that the leachate would contain PFAS; that pursuant to County Line's permit application, the leachate would be transferred to and processed by the Ithaca treatment facility; that the Ithaca treatment facility could not completely filter out PFAS; that the treated leachate containing PFAS would ultimately get disposed of by being dumped into Cayuga Lake; or that the individual member's reliance on beach wells for drinking water would expose him to PFAS in a manner that is different than the public at large. Conscious that standing rules should not be applied in a heavy-handed manner, and construing petitioner's allegations as true, as we must at this stage of this proceeding, we find that the allegations are sufficient to establish a nonspeculative injury-in-fact to the individual member that is different from the harm to the public at large, thereby conferring standing upon petitioner (see Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 311 [2015]; Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d at 915; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 187 AD3d 1437, 1439-1440 [3d Dept 2020]; compare Matter of Peachin v City of Oneonta, 194 AD3d 1172, 1174-1175 [3d Dept 2021]; Matter of Clean Water Advocates of N.Y., Inc. v New York State Dept. of Envtl. Conservation, 103 AD3d 1006, 1008-1009 [3d Dept 2013], lv denied 21 NY3d 862 [2013]).[FN2] Accordingly, petitioner has established that it has standing to challenge the permit, and Supreme Court erred in dismissing the petition/complaint.
To the extent that we have not addressed petitioner's remaining contentions, they have been reviewed and lack merit.
Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, respondents' motions denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: "Leachate means any solid waste in the form of a liquid, including any suspended components, that results from contact with waste" (6 NYCRR 360.2 [b] [166]).

Footnote 2: In concluding that petitioner's alleged harm is too speculative to confer standing, Supreme Court seemingly failed to consider the allegations in the light most favorable to petitioner and, in doing so, to consider whether the alleged harm is "reasonably certain to occur" (Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d at 915).